ON REHEARING
PER CURIAM.
By Per Curiam Opinion filed in this cause on February 15, 1966, we held that because appellant had not first sought permission of this Court to file a petition for writ of error coram nobis in the trial court growing out of the judgment of conviction and sentence appealed herein that the trial court had no jurisdiction to act on his petition and he was, therefore, not entitled to have included in the record on appeal the documents relating to that petition.
By petition for rehearing it has been pointed out to us by appellant that he did in fact apply to this Court for permission to file a petition for writ of error coram nobis in the trial court following the dismissal of his appeal to this Court on technical grounds, and this Court entered an order granting him such permission. That order was entered in the records in a separate file and was inadvertently overlooked by us in considering the appeal in this case. That portion of our Per Curiam Opinion above mentioned is hereby withdrawn, set aside and held for naught. In accordance with appellant’s motion, the clerk of the criminal court of record of Duval County is directed to include in the record on appeal to be filed in this case appellant’s motion for disqualification, petition for writ of error coram nobis, and the order entered thereon filed in that Court. Our opinion of February 15, 1966 in all other respects is hereby affirmed.
RAWLS, C. J., and ' STURGIS and JOHNSON, JJ., concur.